Filed 1/27/15  P. v. Fierro CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D066233 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF32625) |
| EDWARD CORTEZ FIERRO, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of Imperial County, L. Brooks Anderholt, Judge.  Affirmed as modified.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Edward Cortez Fierro entered into a plea agreement, under the terms of which he pleaded guilty to one count of second degree murder (Pen. Code,[1] § 187) and admitted one strike prior (§ 667, subds. (b)-(i)).  Pursuant to the agreement, Fierro was sentenced

---

1       All further statutory references are to the Penal Code unless otherwise specified.

to an indeterminate term of 30 years to life, consecutive to a seven-year term for a separate case. Among other terms the trial court awarded Fierro 67 days of custody credits.[2]

Fierro filed a notice of appeal. He requested a certificate of probable cause but the court denied his request. Fierro filed a separate notice of appeal on June 27, 2014 and did not request a certificate of probable cause.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) indicating she has been unable to identify any reasonably arguable issues for reversal on appeal. Counsel requests this court to review the record for error as mandated by *Wende*. We offered Fierro the opportunity to file his own brief on appeal but he has not responded.

STATEMENT OF FACTS

Since this is an appeal from a judgment following a guilty plea, and there is no certificate of probable cause (§ 1237.5), it is sufficient to note that Fierro confessed to the killing of the victim in this case. He also told authorities where the murder weapon was located.

---

[2] The sentencing transcript shows the court awarded Fierro 67 days of credit. The abstract of judgment only reflects 64 days of custody credits. We will order the abstract of judgment be amended to reflect the proper number of days.

## DISCUSSION

As we have noted counsel has indicated she is unable to identify any reasonably arguable issues for reversal on appeal. Counsel has, however, identified possible, but not arguable issues to assist the court in our review of the record. The possible issues are:

1. Whether the waiver of appellate rights as part of the plea bargain was valid?

2. Whether the court abused its discretion in denying a certificate of probable cause?

3. Was the guilty plea constitutionally valid?

4. Was there an adequate factual basis for the guilty plea?

5. Were the custody credits properly calculated?

6. Did Fierro receive effective assistance of counsel?

We have reviewed the entire record consistent with the mandate of *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738. We have not identified any reasonably arguable issues for reversal on appeal. We have noted, as pointed out by appellate counsel, that the abstract of judgment does not accurately reflect the credits as actually awarded by the court. We will order the abstract of judgment modified to award an additional three days of credits. Fierro has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is modified to award Fierro three additional days of custody credits for a total of 67 days. The superior court is directed to modify the abstract of judgment

3

accordingly and to forward an amended abstract to the Department of Corrections and Rehabilitation.  In all other respects the judgment is affirmed.


                                                                    HUFFMAN, J.

WE CONCUR:


        BENKE, Acting P. J.


        HALLER, J.


4